## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Anna R. Landram

   v.

Rosemary L. Sullivan

October 7, 1992

Case No. C-89-415

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this suit, the court must apply the provisions of Virginia Code § 6.1–125.8 to the administration of the estate of Jeter Landram and rule on other matters related to statutory allowances claimed by Mr. Landram's widow.

*Facts*

Jeter Landram died December 25, 1987, survived by his wife, the plaintiff Mrs. Landram, and two adult children by a previous marriage. He left a will, which was probated in the clerk's office of this court on December 28, 1987. One of his two children, the defendant Mrs. Sullivan, qualified as executrix under the will.

By the terms of his will, Mr. Landram bequeathed his motor vehicle to his widow, Mrs. Landram, and the residue of his estate in four equal shares to Mrs. Landram, his two children, and a granddaughter. Mrs. Sullivan, as executrix, was given the power to sell items and distribute the proceeds.

Mr. Landram's estate consisted of bank accounts, household furnishings and other items of personal property, and a truck.

Mrs. Landram filed an election to take statutory allowances provided by Virginia Code § 64.1–151.1 and § 64.1–151.2.

The assets of the estate were insufficient to pay the debts, expenses of administration, and statutory allowances. Thus, a dispute arose over satisfaction of the statutory allowances. Mrs. Landram demanded of Mrs. Sullivan, as executrix, that she assert a claim

against funds in a bank account owned jointly by Mr. Landram and Mrs. Sullivan to satisfy the statutory allowances. Mrs. Sullivan rejected the claim, contending that she owns the funds by survivorship and that they are not accessible to satisfy the statutory allowances. Further, she contends that Mrs. Landram's statutory allowances have been satisfied by transfer of money and property since Mr. Landram's death.

### Status of the Case

This litigation began on July 11, 1989, when Mrs. Landram filed her bill asking the court to compel Mrs. Sullivan to pay the statutory allowances. Mrs. Sullivan filed a responsive pleading.

Under the impression that the court was being asked only to construe and apply the pertinent statutory provisions to uncontested facts, the court scheduled an ore tenus hearing for December 22, 1989. At the hearing, it became apparent that numerous facts were disputed. Thus, the court referred the case to a commissioner in chancery for evidentiary hearing and report.

The commissioner conducted an evidentiary hearing, received memoranda, and filed a report on June 8, 1992. (The lapse of time between the reference to the commissioner in April of 1990, the hearings that began in 1991, the memoranda filed in January of 1992, and the filing of the report, are unexplained.) Mrs. Sullivan excepted to the commissioner's report. The exceptions were argued on September 21, 1992, and taken under advisement. This opinion letter addresses the exceptions.

### The Application of Section 6.1–125.8

Virginia Code § 6.1–125.8 provides, in pertinent part, as follows:

> No multiple-party account will be effective against an estate of a deceased party to transfer to a survivor sums needed to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse . . . if other assets of the estate are insufficient. A surviving party . . . who receives payment from a multiple-party account after the death of a deceased party shall be liable to account to his personal representative for amounts the decedent owned beneficially immediately before his death to the extent necessary to discharge the claims and charges mentioned above remaining unpaid after application of the decedent's estate.

At Mr. Landram's death, his name was on two "multiple-party accounts," as that term is defined in § 6.1–125.1(5).

First, an account containing $2,894.83 was maintained at First Virginia Bank in the joint names of Mr. Landram, Mrs. Landram, and Mrs. Sullivan with survivorship. Mrs. Sullivan concedes that the money in that account derived from Mr. Landram's monthly social security checks and, therefore, is subject to the provisions of § 6.1–125.8. In fact, those funds already have been depleted to pay debts and the estate's bills.

The focus of the controversy is a second account, maintained at Ameribanc and containing $15,133.63 at Mr. Landram's death. It, too, was a "multiple-party account." It bore the names of Mr. Landram and Mrs. Sullivan with survivorship. However, Mrs. Sullivan claims that the funds in that account belonged to her, that Mr. Landram was not the "beneficial owner" of them, and that § 6.1–125.8 does not apply.

Stated differently, Mrs. Sullivan acknowledges that § 6.1–125.8 "comes into play" for the purpose of making the Ameribanc account available to satisfy unpaid debts, expenses of administration, and statutory allowances claimed by Mrs. Landram, *if* the funds in that account were owned beneficially by Mr. Landram. She claims, however, that she, not Mr. Landram, owned those funds.

The commissioner heard conflicting testimony and received a number of exhibits purporting to trace the funds in the Ameribanc account. He found by the greater weight of the evidence that Mr. Landram was the beneficial owner of the money on deposit in that account immediately prior to his death.

While the report of the commissioner does not carry the weight of a jury's verdict, Virginia Code § 8.01–610, it is entitled to great respect, particularly as to findings of fact based on evidence taken in his presence. The report is "armed with a presumption of correctness" and should not be rejected unless the findings are not supported by the record or are based upon erroneous conclusions of law contained in the report. *Morris v. U.V.B.*, 237 Va. 331 (1989); *Hill v. Hill*, 227 Va. 569 (1984); *Jamison v. Jamison*, 3 Va. App. 644 (1987).

Mrs. Sullivan does not complain of erroneous conclusions of law contained in the report. Everyone agrees that § 6.1–125.8 applies to the Ameribanc account if, and to the extent, the funds were owned beneficially by Mr. Landram, and in that event, the account would be available to satisfy unpaid claims and charges, including the statu-

tory allowances. Instead, Mrs. Sullivan's exception addresses the commissioner's factual finding regarding ownership of the funds.

Upon a review of the report and an independent review of the evidence adduced, the court cannot conclude that the commissioner's factual finding on this crucial point is unsupported. The testimony of the witnesses was conflicting. The commissioner had the opportunity to observe the witnesses and their demeanor and to evaluate the weight to be given their testimony and the documents offered in evidence. In sum, it would be error for the court to reject the commissioner's factual finding and to substitute the chancellor's view of the credibility of the witnesses and the weight that should be given to the testimony of each.

Accordingly, Mrs. Sullivan's exception to the commissioner's finding that Mr. Landram was the beneficial owner of the Ameribanc account is overruled.

### Statutory Allowances

The statutory allowances claimed by Mrs. Landram, the nonpayment of which give rise to this litigation, find their source in Virginia Code § 64.1–151.1 and § 64.1–151.2.

The first is the so-called "family allowance." The statute provides that the family of a decedent is entitled to "a reasonable allowance in money out of the estate" for maintenance during the period of administration of the estate. If the estate is inadequate to discharge all claims against it, the allowance cannot continue for more than a year and cannot exceed $500.00 per month, or $6,000.00. (Also see § 64.1–151.4 as to limitation of amount of the allowance.) If there are no minor children, as here, the surviving spouse is entitled to the allowance. If the amount of a "reasonable allowance" cannot be agreed upon, the court must make the determination.

The other allowance is the "exempt property" allowance. That statute permits the surviving spouse of a decedent to claim up to $3,500.00 from the estate, exempt from all other claims except the family allowance.

Both of these statutory allowances are in addition to any benefit or share passing to the surviving spouse by the will of the decedent or by intestate succession

No one disputes that Mrs. Landram is Mr. Landram's surviving spouse or that she made the election for the allowances in a proper manner pursuant to § 64.1–151.5.

Although Mrs. Sullivan contends that she and Mrs. Landram reached an agreement regarding the payment of claims (and, at least implicitly, the amount of the estate available to Mrs. Landram), it is obvious that Mrs. Landram made election for the allowances and has not waived her rights to them. *See* Virginia Code § 64.1–151.6.

### Transfers in Satisfaction of the Allowances

Mrs. Sullivan contends that Mrs. Landram's allowances have been satisfied by transfers to her from the estate. The commissioner, after hearing conflicting testimony and receiving exhibits related to many items of estate property purportedly transferred to or in the possession of Mrs. Landram, concluded that a partial satisfaction of $4,002.50 has been made. His figure is based on (1) a $200.00 social security check for Mr. Landram's burial expenses, cashed by Mrs. Landram; (2) $3,325.00 rental value of the home occupied by Mrs. Landram after Mr. Landram's death; (3) items of personal property worth $440.00 belonging to Mr. Landram and kept by Mrs. Landram; and (4) a television antenna worth $37.50. All other items claimed by Mrs. Sullivan as transfers in satisfaction of the allowances were disallowed for reasons fully explained by the commissioner in his report.

Upon a review of the report and the evidence presented to the commissioner, the court is of the opinion that the commissioner correctly applied the law and that his factual findings, based on conflicting testimony, should not be disturbed.

### Conclusions

For the reasons explained, the court finds that the evidence supports the commissioner's findings that the Ameribanc account was owned beneficially by Mr. Landram immediately before his death, and those funds are available to satisfy the statutory allowances under § 6.1–125.8; that Mrs. Landram is entitled to $6,000.00 as a family allowance and $3,500.00 as exempt property; and that property (including the rental value of the home) valued at $4,002.50 has been transferred to Mrs. Landram in partial satisfaction of the allowances. It follows that $5,497.50 is payable to Mrs. Landram from the Ameribanc account to satisfy the statutory allowances. (The commissioner's conclusion that $5,597.50 remains to be paid to satisfy the allowances was merely a mathematical error, and the proper figure will be adopted.)

*Costs*

The costs of this suit must be borne by the estate of Mr. Landram and, consequently, the Ameribanc account. Each party will pay her own attorney's fees.