# CIRCUIT COURT OF THE CITY OF NORFOLK

Edith S. Bray

v.

Mary B. Ireland
and Brenda B. Thomas

November 7, 2005

Case Nos. (Chancery) 05-1011, 05-1380

BY JUDGE JOSEPH A. LEAFE

This matter is before the Court on Petitioner, Edith S. Bray's, claims for statutory allowances from the estate of her deceased husband, Edwin M. Bray. Mr. Bray died testate on August 16, 2004, survived by Ms. Bray and his two children from a prior marriage, Brenda B. Thomas and Mary B. Ireland, the Respondents. Mr. Bray's will left his property to the Respondents in equal shares and named the Respondents as co-executors of the will. However, the probate estate contained no assets and no one qualified as personal representative for the estate.

Ms. Bray filed elections for her statutory allowances against the Respondents. Her petition for exempt property specifically requests $15,000 from a Wachovia Bank account held jointly by the decedent and the Respondents. The Respondents have declined to act on Ms. Bray's claims, arguing that Ms. Bray improperly filed her petition against the Respondents instead of against the personal representative of the estate. They also assert that the joint bank account is not an estate asset and, therefore, cannot be used to satisfy Ms. Bray's exempt property claim.

For the reasons stated below, the Court grants Ms. Bray's petition for statutory allowances against the Respondents and finds that the funds in the bank account may be used to satisfy the allowances.

### *Joint Bank Account Funds May Be Used to Satisfy the Statutory Allowances*

Virginia Code § 64.1-151.2 states that a surviving spouse is entitled to $15,000 worth of assets from the estate in "household furniture, automobiles, furnishings, appliances, and personal effects." If the value of exempt property in the estate is less than $15,000, the surviving spouse is "entitled to other assets of the estate, if any, to the extent necessary to make up the $15,000 value." Va. Code Ann. § 64.1-151.2.

Ms. Bray's petition for exempt property requests $15,000 in cash from a bank account at Wachovia Bank, account number 1010091791731, titled jointly in the names of the decedent and the Respondents. The Respondents argue that the bank account is not an estate asset and cannot be used to satisfy the exempt property allowance.

However, Virginia Code § 6.1-125.8 states that joint bank accounts may be used to satisfy the debts of a decedent's estate in certain situations:

> No multiple-party account will be effective against an estate of a deceased party to transfer to a survivor sums needed to pay debts . . . including statutory allowances to the surviving spouse . . . if other assets of the estate are insufficient. A surviving party, P.O.D. payee, or beneficiary who receives payment from a multiple-party account after the death of a deceased party shall be liable to account to his personal representative for amounts the decedent owned beneficially immediately before his death to the extent necessary to discharge the claims and charges mentioned above remaining unpaid after application of the decedent's estate.

The Circuit Court of Spotsylvania County applied Virginia Code § 6.1-125.8 to a similar estate case in *Landram v. Sullivan*, 29 Va. Cir. 190 (1992). In *Landram*, the surviving spouse filed an election for statutory allowances, but the assets of the estate were insufficient to pay the debts, expenses of administration, and the statutory allowances. *Id.* at 190. As in the current case, the surviving spouse demanded that the executor assert a claim against funds in a bank account owned jointly by the decedent and the executor to satisfy the

allowances. *Id.* at 190B91. The court ruled that Virginia Code § 6.1-125.8 applied to the joint account if and to the extent that the funds were beneficially owned by the decedent, and that the funds were available to pay the estate's debts, including the statutory allowances. *Id.* at 192B93.

Applying Virginia Code § 6.1-125.8 to the present case, the Court finds that the funds beneficially owned by Mr. Bray in the joint Wachovia Bank account should be used to satisfy Ms. Bray's statutory allowances because the assets of the estate are otherwise insufficient.

### Claim Properly Brought Against the Respondents

The Respondents also object to Ms. Bray's petition because she filed her elections against the Respondents, instead of bringing an action against the personal representative of the estate. However, as the Respondents acknowledge in their brief, no one has qualified as personal representative of the decedent's estate. The decedent's will named the Respondents as co-executors, but neither Ms. Ireland nor Ms. Thomas qualified as executor because there were no probate assets in the estate. *See Memorandum of Facts in Support of Probate of the Will of Edwin M. Bray*, filed by Mary B. Ireland with the Circuit Court of the City of Norfolk, September 14, 2004 (listing the value of the decedent's personal property as zero dollars). *See also Respondents' Brief in Opposition to the Petition for Family Allowance and Exempt Property*, at 1 (stating that "the Probate file . . . reveals, and as the Petitioner will no doubt agree, there are no probate assets").

Despite the lack of personal representative, Ms. Bray's petition for statutory allowances against the Respondents is properly before the Court. Virginia Code § 64.1-151.4, which governs the administration of statutory allowances, allows a party to petition the court *ex parte* for relief:

> The personal representative or any interested person aggrieved by any selection, determination, payment, proposed payment or failure to act under this section may petition the circuit court for appropriate relief. . . . Such petition may be ex parte; provided, however, that the court in its discretion may require such notice to and the convening of interested parties as it may deem proper in such case.

The Court recognizes Ms. Bray as an aggrieved party seeking relief under Virginia Code § 64.1-151.4. As the beneficiaries of the non-probate assets of the decedent, the Respondents are the only other interested parties in this case.

Therefore, all interested parties are convened before the Court, and there is no need to appoint a personal representative for the estate. The Court orders the Respondents to satisfy Ms. Bray's statutory allowances out of the assets of the estate, including the assets in the joint bank account that were beneficially owned by the decedent at his death.